**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Ricardo Jiménez, Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, hereinafter referred to as ATF, being duly sworn, depose and state as follows:

**INTRODUCTION**

1.      I am employed as a Special Agent (SA) by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, and have so been employed since May 2014. I am currently assigned to the Violent Crime Group in the Puerto Rico (PR) Field Office. Prior to my employment with ATF, I was a Police Officer with the Tulsa, OK Police Department (TPD) for three years. I attended the Federal Law Enforcement Training Center in Glynco, Georgia, where I graduated from the Criminal Investigators' Training Program (CITP). Upon completing CITP, I attended the ATF National Academy, where I received instruction in the recognition, identification, and prosecution of federal firearms laws and violations.

2.      During my tenure with ATF and TPD, I have been involved in, and am familiar with, numerous investigations involving firearms, narcotics, arson, and federal violations of contraband cigarette laws. I have specialized training and/or experience in the area of illegal firearms manufacturing, sales, and use, high-level drug enforcement, street-level drug enforcement, narcotics, and firearms smuggling and distribution, gangs, Drug Trafficking Organizations, undercover operations, surveillance, and debriefing informants and suspects.

3.      In addition, I have had conversations and worked alongside other experienced local, state, and federal law enforcement officers, as well as state and federal prosecuting attorneys, concerning violations of firearms and narcotics laws.

4.      Your affiant is an "an investigative or law enforcement officer of the United States" within the meaning of Title 18 *United States Code* of Section 2510 (7). Your affiant is, therefore, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in Title 18, *United States Code* Section 2516.

5.      The details and information stated herein are a compilation of facts and events investigated by me and other Law Enforcement Officers, who investigated and confirmed their veracity or oversaw their development. I have drafted this affidavit for the limited purpose of establishing probable cause that JEREMY ISAIAS CURET-BERRIOS violated 18 U.S.C. § 922(k) – Possession of a Firearm with an Obliterated Serial Number, and SEAN JOHN LEON-GIRONA and JOVANNY JACKDIEL FIGUEROA-BENITEZ violated 18 U.S.C. § 922(o) – Knowing Possession of a Machinegun, and that. Therefore, I have not included all the facts of this investigation.

## FACTS IN SUPPORT OF PROBABLE CAUSE

6.      On December 21, 2025, at approximately 12:27 AM, Puerto Rico Police Bureau (PRPB) Agent (Agt.) Angel Rivera Diaz, assigned to the Motorcycle Unit, observed a gray Toyota RAV 4 SUV traveling against traffic on PR-951 Km 8.4, in Rio Grande, Loiza, PR. The RAV 4 was being followed by a PR Municipal Police Marked Unit with its police overhead lights on. The driver of the RAV 4 then pulled into the Ecomaxx gas station at Km. 8.4. The RAV 4 stopped at the gas station, and the PR Municipal Police Unit parked the marked unit at an angle in front of the RAV 4. Agt. Rivera Diaz observed four adult males occupying the RAV 4, and the windows were down. Two Municipal Police Officers exited their marked unit and approached the RAV 4. Agt. Rivera

Diaz and other PRPB Motorcycle Unit agents approached the RAV 4 to provide support to the Municipal Police Officers.

7. One of the Municipal Police Officers made contact with the driver of the vehicle, while Agt. Rivera Diaz approached on the passenger side of the RAV 4. Agt. Rivera Diaz immediately noticed a strong odor of burned marijuana coming from inside the RAV 4. Agt. Rivera Diaz observed that the occupants of the RAV 4 displayed nervous behavior during the vehicle stop by making furtive movements and avoiding eye contact with the police.

8. Officers asked the driver of the RAV 4 to step out of the vehicle. The driver of the vehicle stepped out without incident. The driver's fanny pack was observed in plain view in the floorboard of the driver's seat. Inside the fanny pack, police found a Glock, model 23, .40 S&W caliber pistol; and a total of five (5) magazines and approximately 77 rounds of .40 S&W caliber ammunition. Records check later revealed that the driver of the RAV 4 had a PR Firearms Permit, and the firearm was legally registered to him.

9. The Agents then asked the occupant in the front passenger seat of the RAV 4, later identified as **[1] Jeremy Isaias CURET-BERRIOS**, to step out of the vehicle. When [1] CURET-BERRIOS exited the vehicle, Agt. Rivera Diaz observed, in plain view, a black pistol on the front passenger seat, where [1] CURET-BERRIOS was seated. [1] CURET-BERRIOS was concealing the firearm by sitting on it. The firearm was later identified as a **Sig Sauer, model P238, .380 ACP caliber pistol, with an obliterated serial number.** The firearm was loaded with approximately eight (8) rounds of .380 ACP caliber ammunition. The obliteration of the serial number is noticeable to anyone who handles the firearm due to the discoloration of the metal in the area where the serial number was removed.



10. The agents then asked the occupant in the rear passenger-side seat of the RAV 4, late identified as **[2] Sean John LEON-GIRONE**, to step out of the vehicle. When [2] LEON-GIRONE exited the vehicle, Agt. Rivera Diaz observed, in plain view, a black pistol on the floorboard, partially under the front passenger seat. The firearm was later identified as a **Glock, model 23, .40 S&W caliber pistol, bearing serial number BYSK032, and with a visible Machinegun Conversion Device** [1] (commonly referred to as a *"Glock Chip"*) attached to a clear

---

[1] A machinegun is defined, in pertinent part, as "any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun." The Gun Control Act, 18 U.S.C. § 922(o), prohibits the transfer or possession of a machinegun manufactured after May 19, 1986.

4

backplate installed in the rear of the slide. The firearm was loaded with approximately 12 rounds of .40 S&W caliber ammunition. A query of the serial number in law enforcement databases later revealed that the firearms had been **reported stolen**.





11.     The Agents then asked the occupant in the rear driver-side passenger seat of the RAV 4, later identified as **[3] Jovanny Yackdiel FIGUEROA-BENITEZ**, to step out of the vehicle. When [3] FIGUEROA-BENITEZ exited the vehicle, Agt. Rivera Diaz observed, in plain view, a

black pistol with a brown magazine on the floorboard, partially under the driver's seat. The firearm was later identified as a **Glock, model 17, 9mm Luger caliber pistol, bearing serial number BBDE341, and with a visible Machinegun Conversion Device** (commonly referred to as a *"Glock Switch"*) installed in the rear of the slide. The firearm was loaded with approximately 31 rounds of 9mm Luger caliber ammunition. In addition, in [3] FIGUEROA-BENITEZ's fanny pack, the Agents discovered four additional magazines with approximately 88 rounds of 9mm Luger caliber ammunition.





12. All four occupants of the vehicle were arrested for violations of the PR weapons law and transported to the police station. ATF personnel later traveled to the police station in an effort to interview all the occupants of the RAV 4. ATF personnel individually read the Advisement and Waiver of Miranda Rights to the occupants of the RAV 4. The driver and [1] CURET-BERRIOS exercised their right and did not want to speak to the ATF personnel without a lawyer present. [2] LEON-GIRONE and [3] FIGUEROA-BENITEZ waived their rights, post Miranda, and voluntarily agreed to speak to ATF personnel.

13. [2] LEON-GIRONE stated substantially the following:
    - [2] LEON-GIRONE and the others were smoking marijuana when the police got behind them, and there was still MARIJUANA smoke in the car when the police stopped them,
    - The firearm found at his feet was [2] LEON-GIRONE's gun, and [2] LEON-GIRONE bought it like that, modified to shoot automatically, and he obtainded around September 2025 (after his arrest),
    - [2] LEON-GIRONE stated that the gun shoots like *"brrrrr"*,
    - [2] LEON-GIRONE was arrested in September 2025 for the distribution of narcotics; he had already had the charges read to him and has a hearing scheduled for January 2026,
    - [2] LEON-GIRONE bought the gun for protection, and
    - [2] LEON-GIRONE has fired the gun.

14. [3] FIGUEROA-BENITEZ stated substantially the following:

- That [3] FIGUEROA-BENITEZ and the others were smoking marijuana when the police got behind them,
- The firearm found at his feet was [3] FIGUEROA-BENITEZ's gun, and FIGUEROA-BENITEZ bought it like that, *"chipiá"* (slang for automatic), and
- [3] FIGUEROA-BENITEZ had previously fired that gun.

15. ATF personnel later field-tested the firearms recovered by PRPB. ATF TFO Arnaldo Fernandez preliminarily determined the following firearms to be machineguns:

- Glock, model 23, .40 S&W caliber pistol, bearing serial number BYSK032, and with a visible Machinegun Conversion Device (possessed by [2] LEON-GIRONE) and,
- Glock, model 17, 9mm Luger caliber pistol, bearing serial number BBDE341, and with a visible Machinegun Conversion Device (possessed by [3] FIGUEROA-BENITEZ).

16. A records check of [2] LEON-GIRONA in law enforcement databases revealed that on August 26, 2025, [2] LEON-GIRONA was arrested by the Puerto Rico Police for distribution of narcotics and is currently out on bail with a trial setting for January 2026

17. No Sig Sauer pistols are manufactured in the Commonwealth of Puerto Rico. Therefore, the Sig Sauer, model P238, .380 ACP caliber pistol, with an obliterated serial number seized from [1] CURET-BERRIOS, had travelled in interstate or foreign commerce.

18.     Based on the above facts, the undersigned affiant believes there is probable cause to charge [1] JEREMY ISAIAS CURET-BERRIOS with violating the Federal Firearms law, to wit: 18 U.S.C. § 922(k) – Possession of a Firearm with an Obliterated Serial Number; and there is probable cause to charge [2] SEAN JOHN LEON-GIRONA and [3] JOVANNY JACKDIEL FIGUEROA-BENITEZ with violating the Federal Firearms law, to wit: 18 U.S.C. § 922(o) – Knowing Possession of a Machinegun.

19.     I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

_____
**Ricardo Jiménez**
Senior Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives

**SWORN** pursuant to FRCP 4.1 at 11:17 AM by telephone this 22nd day of December 2025, in San Juan, Puerto Rico.

_____
**Marcos E. López**
United States Magistrate Judge
District of Puerto Rico